GEORGE W. HODSON, JR., APPELLANT, V. VERN JOHNSON, APPELLEE.

321 N.W.2d 417

Filed June 25, 1982. No. 44185.

George Rhodes, for appellant.

Joseph M. Casson, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

This is an action by the plaintiff employee, George W. Hodson, Jr., against defendant employer, Vern Johnson, for wages. Plaintiff filed a complaint in the small claims division of the Loup County Court seeking wages due him for 49 hours of work he performed for the defendant during a particular week at an hourly rate of $3.75 per hour with time and a half for hours worked in excess of 40 hours per week. The defendant filed a counterclaim and setoff in the amount of $818.10, alleging that plaintiff "Exercised negligent work on my time. . . ."

The small claims court found for the plaintiff and entered judgment for $199.50 plus costs. From that adverse decision, the defendant filed a notice of appeal and appeal bond in the small claims court and filed the small claims court transcript in the District Court. The plaintiff thereafter filed a petition in the District Court asking the District Court to affirm the small claims court's findings. On Tuesday, December 16, 1980, the plaintiff, without notice to the defendant, moved in open court for a default judgment. The District Court granted the plaintiff's ex parte motion and affirmed the judgment of the small claims court. On December 23, 1980, the defendant filed an application to set aside the default judgment, along with his answer and counterclaim. After hearing was had on the application and the resistance thereto, the District Court found that the defendant had failed to show that he had a meritorious defense recognized by the law of this state and denied the defendant's application to set aside the default judgment. Thereafter the defendant filed a

motion for new trial. On March 24, 1981, the District Court found that it had abused its discretion in finding that the defendant had failed to show a meritorious defense recognized by the law in this state, vacated its previous order denying the application to set aside the default judgment, and set aside the default judgment. From that ruling, the plaintiff appeals. We affirm.

The method of appeal from an adverse judgment of the small claims court in this case was governed by Neb. Rev. Stat. § 24-527 (Cum. Supp. 1980) and Neb. Rev. Stat. §§ 24-542 to 24-544 (Reissue 1979). The steps necessary to perfect an appeal were (1) the filing of a notice of appeal, and service of the same on the opposition parties or their attorney of record, (2) posting of a cash bond or entering an undertaking to the opposite party, and (3) filing a transcript within 30 days of the entry of judgment. "Filing of the transcript shall constitute filing of the appeal with the district court." § 24-544.

On appeal from the small claims court to the District Court, there is no requirement for the filing of a new petition in the District Court, nor provision for taking of a default for failure to answer a new petition absent an order from the District Court directing the filing of a new petition and an answer thereto. The procedure used by plaintiff appears to be totally unwarranted by the statutes. As the trial court was without authority to enter the default, it follows that it was correct in setting aside the default and setting the matter for trial.

We do not pass on the ruling of the District Court that the answer stated a meritorious defense, as that matter is not properly before us.

AFFIRMED.